## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**HEATHER A. KOLBE,**                             *

Plaintiff,                                        *

v.                                                *          Civil Action No. 23-1482-PJM

**NSR MARTS, INC.,**
                                                  *
Defendant.

***

### MEMORANDUM OPINION

Heather A. Kolbe has filed suit against NSR Mart, Inc. ("NSR"), for alleged violations of the Family Medical Leave Act, 9 U.S.C. § 2601, *et seq.*, and for intentional infliction of emotional distress. ECF No. 2. On September 6, 2023, the Court granted NSR's prior Motion to Dismiss Kolbe's Complaint. *See* ECF Nos. 14, 15. The Court dismissed most of Kolbe's claims with prejudice, ECF No. 14 at 13-14, but dismissed without prejudice her FMLA claim to the extent that it was arguably premised on NSR's alleged misrepresentations about whether her leave would extend beyond the statutory twelve-week period under the Act. *See id.* at 8-9. The Court gave Kolbe twenty days to file an Amended Complaint to plead further details with respect to this alleged FMLA interference.

Kolbe has timely filed an Amended Complaint (ECF No. 19), to which NSR has responded with a new Motion to Dismiss (ECF No. 20). Kolbe filed an untimely opposition to NSR's Motion to Dismiss (ECF No. 22), which NSR has moved to strike (ECF No. 25).

Based on the parties' submissions (ECF Nos. 20, 22, 25, 26), the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons that follow, the Court **DENIES** NSR's

1

Motion to Strike (ECF No. 25), **GRANTS** NSR's Motion to Dismiss (ECF No. 20), and **DISMISSES WITH PREJUDICE** Kolbe's sole remaining claim for alleged FMLA interference.

## BACKGROUND

The facts underlying this dispute are recounted in the Court's September 6 Opinion and are incorporated by reference here. *See* ECF No. 14 at 1-3. The Court supplements that factual background with procedural developments since that Opinion and takes into account the new allegations raised in Kolbe's Amended Complaint.

### I.   The Underlying Facts

Kolbe was hired as an assistant manager at NSR's Accokeek, Maryland location in August 2020. ECF No. 19 ¶ 6. On September 18, 2021, she was injured in a vehicular accident, "resulting in multiple injuries which would impact her ability to perform some job functions." *Id.* ¶ 7. That same day she requested and was granted FMLA leave. *Id.* ¶ 8. One month later, Kolbe was cleared by medical professionals to return to work, provided that she could do so with "light duty restrictions." *Id.* ¶¶ 11, 12. Her request to return with light duty restrictions was refused by NSR. *Id.* ¶¶ 13-14. More than ten months after that, NSR formally informed Kolbe that she was terminated. *Id.* ¶ 22.

### II.   Procedural History

On May 2, 2023, Kolbe filed suit against NSR in the Circuit Court for Prince George's County. *See* ECF Nos. 1-2, 2. Kolbe's original Complaint consisted of two counts: Count I alleged that NSR violated her rights under the FMLA and Count II alleged that NSR intentionally inflicted emotional distress on her through its violations of the FMLA. *See* ECF No. 2. On June 1, 2023, NSR removed the case to this Court on the basis of federal question jurisdiction. *See* ECF No. 1. A week later, NSR filed its initial Motion to Dismiss. *See* ECF No. 4.

2

By Memorandum Opinion and Order dated September 6, 2023, the Court granted NSR's Motion to Dismiss. *See* ECF Nos. 14, 15. The Court dismissed with prejudice the claim for intentional infliction of emotional distress. *See* ECF No. 14 at 12-13. The Court also dismissed with prejudice the FMLA claim to the extent that it was premised on NSR's alleged retaliation for her taking FMLA leave, NSR's alleged failure to accommodate Kolbe's request to return to work with "light duty restrictions," and its alleged failure to reinstate her at the close of her twelve weeks of leave. *Id.* at 5-6, 10-13.

But reading her complaint "charitably" in its September 6 Memorandum Opinion, the Court dismissed without prejudice a final portion of Kolbe's FMLA interference claim, noting that "Kolbe's pleading deficiencies could conceivably be cured by an amended complaint." *Id.* at 5. Specifically, the Court deemed it appropriate to give Kolbe a second opportunity to allege facts sufficient to show that NSR should be equitably estopped from denying that it owed her any obligations under the FMLA after the expiration of her leave, as occurred in *Yaskowsky v. Phantom Eagle, LLC*, No. 4:19-cv-9, 2020 U.S. Dist. LEXIS 27929 (E.D. Va. Feb. 18, 2020), and *Blankenship v. Buchanan General Hospital*, 999 F. Supp. 832 (W.D. Va. 1998). *See id.* at 8. That is, the Court felt that, although Kolbe's Complaint failed to state an FMLA interference claim by way of equitable estoppel at the time, it was conceivable that she might be able do so by amending her Complaint to state sufficient detail upon which the Court could determine that NSR may have made misrepresentations about her FMLA rights, and that she reasonably relied on those misrepresentations. *See id.* at 9-10. The Court gave Kolbe twenty days to file an Amended Complaint. *See id.* at 13-14.

Kolbe timely filed her Amended Complaint, *see* ECF No. 19, with additional allegations described below. Shortly thereafter, NSR filed the present Motion to Dismiss. *See* ECF No. 20. More than a month passed without Kolbe filing a response in opposition. Noting this delay, the

Court ordered Kolbe to show cause why she failed to timely oppose NSR's Motion to Dismiss. *See* ECF No. 21. The Court provided Kolbe ten days to respond to the Order to Show Cause. *See id.*

On November 24, 2023, Kolbe filed a "Reply to Order to Show Cause and Motion in Opposition to Defendant NSR Marts, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint." ECF No. 22. Kolbe's response to the Order to Show Cause explained that she did not timely oppose NSR's Motion to Dismiss because she "chose to stand on the pleadings," and she believed an opposition is required only "when a party moves for Summary Judgment." *Id.* at 1. The remainder of her "Reply to Order to Show Cause" presents, essentially, the opposition to NSR's Motion to Dismiss that she should have but did not timely file. *See id.*

On December 8, 2023, NSR filed a Motion to Strike Kolbe's response to the Order to Show Cause. ECF No. 25. Kolbe filed an opposition to that Motion a week later. *See* ECF No. 26.

## III.    New Allegations in Kolbe's Amended Complaint

Kolbe has pled new allegations that she believes cure the pleading deficiencies previously identified by the Court in its September 6 Opinion. These are as follows:

Kolbe's essential job functions included "assuring fast, friendly, and convenient and courteous customer service," "assuring proper handling of cash, checks, credit cards, coupons, lottery, and all merchandise[]," "management of inventory and price controls," ensuring that the store was clean and in good maintenance, and regularly checking the store's security systems. ECF No. 19 ¶ 15 (citing ECF No. 19-2). She maintains that she was able to perform these essential functions of her job at the close of her twelve weeks of leave. *Id.* ¶ 16.

After Kolbe's FMLA leave expired, NSR sent her "enrollment letters" for NSR's retirement plan. ECF No. 19 ¶ 17. She continued to receive these letters as recently as July 2023. *See id.* (citing ECF No. 19-3).

For her part, Kolbe "diligently communicated" with NSR regarding her recovery status both throughout and after her twelve weeks of FMLA leave. *Id.* ¶ 18.

On at least one occasion, NSR purportedly "promised" her a "position at [its] Charlotte Hall, Maryland location." *Id.* ¶ 20.

According to Kolbe, NSR "failed to provide" her with any notice of her duty to return to work after her twelve weeks of FMLA leave, and never "affirmatively state[d]" that she would be terminated if she did not return to work. *Id.* ¶¶ 24-25.

NSR never asked Kolbe to return her "store keys and other store property." *Id.* ¶ 27.

## DISCUSSION

Before considering whether Kolbe's Amended Complaint states a claim for relief sufficient to survive NSR's Motion to Dismiss, the Court addresses the question of whether it should consider Kolbe's opposition to NSR's Motion or instead strike it as untimely.

### I.   NSR's Motion to Strike

NSR argues that Kolbe has improperly filed an opposition to its Motion to Dismiss by briefing her opposition in the guise of responding to the Court's Order to Show Cause. *See* ECF No. 25 at 1-2. The Court should strike Kolbe's opposition, says NSR, because she never sought leave from the Court to excuse her late filing but made the filing anyway. *See id.* at 3 (citing *Thomas v. Md.*, No. GJH-17-1739, 2017 U.S. Dist. LEXIS 209963 (D. Md. Dec. 20, 2017)). Accordingly, NSR requests that the Court dismiss Kolbe's Amended Complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute her case. *See id.* at 4-5. Kolbe counters that she and her counsel complied with the Court's Order to Show Cause because they felt no opposition to the Motion to Dismiss was necessary; they felt the Amended Complaint already stated a plausible claim for relief. *See* ECF No. 26 at 1-2. Kolbe asks the Court not to dismiss her Amended Complaint

under Rule 41(b) because her conduct does not meet the criteria that the Fourth Circuit has outlined for such harsh dismissals. *See id.* 2-3 (citing *Attkisson v. Holder*, 925 F.3d 606 (4th Cir. 2019)).

The Fourth Circuit has a "strong preference" for adjudicating "claims and defenses . . . on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). This Court shares that preference. *See Pollard v. CHS TX, Inc.*, No. 23-cv-1481, 2023 U.S. Dist. LEXIS 228136, at *1 (D. Md. Dec. 18, 2023).

Accordingly, the Court will **DENY** NSR's Motion to Strike (ECF No. 25) and consider Kolbe's opposition to NSR's Motion to Dismiss as it appears in her response to the Order to Show Cause.[1]

## II.   NSR's Motion to Dismiss

### A.  Legal Standard

To survive a motion to dismiss, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the facts alleged allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint is properly dismissed where, even if true, the allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The court must examine the complaint as a whole, accept all well-pled facts as true, and must construe the factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). "Threadbare recitals of the

___

[1] The Court's decision to consider the merits of Kolbe's opposition should in no way be construed as endorsing the curious conduct of Kolbe's counsel. Counsel's explanation that he did not believe a response in opposition was needed when the opposing party had moved to dismiss his client's complaint is remarkable. Indeed, it is well established that "[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion." *Hughes v. Cabell Cty.*, No. 3:19-cv-606, 2020 U.S. Dist. LEXIS 86316, at *15 (S.D. W. Va. Apr. 14, 2020) (quoting *White v. Wal Mart Stores, Inc.*, No. ELH-13-31, 2014 U.S. Dist. LEXIS 47498, at *2 (D. Md. Apr. 4, 2014)). Even if district courts have an "obligation" to "review the motion and ensure that dismissal is appropriate," *id.*, simply standing on prior pleadings was ill advised, given that the Court had already dismissed with prejudice the majority of Kolbe's claims and expressed skepticism as to her sole remaining claim.

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B. *Whether Kolbe's Amended Complaint States a Claim for FMLA Interference.*

The FMLA entitles qualified employees to take up to twelve weeks of leave if they are afflicted with a serious health condition and provides that such employees are to be "restored . . . to the position of employment held by the employee when the leave commenced," or to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(A)-(B). Employers are prohibited from interfering with an employee's exercise of their rights under the Act. *See id.* § 2615(a). To state a claim for FMLA interference, then, an employee must "demonstrate that (1) [s]he is entitled to an FMLA benefit; (2) [her] employer interfered with the provision of that benefit; and (3) that interference caused harm." *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015).

Courts within this Circuit have found plausible claims for FMLA interference where an employer has provided misleading information about FMLA rights to their employees. *See Yaskowsky*, 2020 U.S. Dist. LEXIS 27929, at *26-27; *Blankenship*, 999 F. Supp. at 838. In those cases, the doctrine of equitable estoppel was cited to preclude the employers from disclaiming any FMLA obligations beyond the statutory twelve-week period of leave because the employers were deemed to have made material misrepresentations about their employees' rights under the Act, and the employees were found to have reasonably relied upon those misrepresentations to their detriment. *See id.*

NSR argues that Kolbe's Amended Complaint fails to state a claim for FMLA interference under the equitable estoppel theory articulated in *Yaskowsky* and *Blankenship* because she has failed to allege that NSR made *any* misrepresentation about her FMLA rights. *See* ECF No. 20 at 8. In fact, says NSR, it repeatedly told her that she was entitled to twelve weeks of leave, as shown by

the exhibits that Kolbe herself attaches to her Amended Complaint. *See id.* (citing ECF No. 19-4 at 2, 15-16). Nonetheless, Kolbe insists that NSR *did* misrepresent her FMLA rights by promising her a position at its Charlotte Hall location, failing to send her a termination notice promptly at the close of her twelve weeks of leave, and continuing to communicate with her, including by accepting her recovery updates and sending her letters about NSR's retirement plan. *See* ECF No. 22 at 5.

The Court agrees with NSR that none of the alleged actions or communications attributed to it constitutes a "misrepresentation" about Kolbe's FMLA rights within the meaning of *Yaskowsky* or *Blankenship*. In both those cases, employees were *affirmatively* told by employers that they could return to work after the expiration of the employees' FMLA leave. *See Yaskowsky*, 2020 U.S. Dist. LEXIS 27929, at *27; *Blankenship*, 999 F. Supp. at 838. When the employees did as they were instructed, their employers terminated them, which was held to be improper. *See id.*; *Blankenship*, 999 F. Supp. at 838-89.

That did not happen here. Kolbe alleges only that NSR "provided actively misleading information as to [her] employment status, accepting medical certification information past the twelve-week statutory limit under the FMLA, provided vague assurances as to [her] employment status, and failed to provide [her] any notice of separation for ten months after the conclusion of its obligations under the FMLA." ECF No. 19 ¶ 23. These threadbare allegations amount to no more than legal conclusions couched as factual statements, which the Court is not obligated to accept. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Unlike the plaintiffs in *Yakowsky* and *Blankenship*, Kolbe does not identify any affirmative or even clearly implicit representation made by NSR that led her to sit idle for ten months beyond the expiration of her FMLA leave before she was formally terminated. *See Yaskowsky*, 2020 U.S. Dist. LEXIS 27929, at *4; *Blankenship*, 999 F. Supp. at 838.

Even if Kolbe had alleged that she was definitely offered to begin a new position at the Charlotte Hall location *after* the expiration of her FMLA leave (she is vague about this), she would fail to state a claim. Being offered different employment in a different location (i.e., Charlotte Hall) with potentially different duties does not amount to an interference of Kolbe's FMLA rights with respect to her original employment and original responsibilities. Indeed, nowhere does Kolbe indicate that, during the ten months after her twelve weeks of leave expired, she was prepared to consider such a job.[2]

Moreover, the exhibits attached to Kolbe's Amended Complaint flatly contradict her allegations that NSR misled her about her FMLA rights.[3] She has attached an FMLA form produced by the U.S. Department of Labor, which explicitly states that Kolbe was entitled to "take unpaid, job-protected FMLA leave" for "up to **12 weeks** . . . in a 12-month period." ECF No. 19-4 at 2. She also refers the Court to a text message that she identifies as being sent by "Laura – District Manager" of NSR, who stated, "your job is being held up to 12 weeks as long as you submit what is required," and encouraged Kolbe to "take the time" to read through her FMLA paperwork. *Id.* at 15. NSR could not have been clearer about how much leave Kolbe was entitled to take under the FMLA.

But here is the most dispositive consideration:

Kolbe's exhibits indicate that she received her last paycheck from NSR on or about September 23, 2021, just five days after she was injured. *See* ECF No. 19-4 at 26. NSR was not obligated to pay Kolbe during the twelve weeks of her FMLA leave, *see* 29 U.S.C. § 2612(c), and

---

[2] The Court also concludes that NSR's other alleged acts, such as accepting updates on her recovery and sending invitations for her to enroll in the company's retirement plan, do not constitute misrepresentations about Kolbe's FMLA rights, even when viewed in the light most favorable to Kolbe.

[3] "[I]n the event of conflict between the allegations of the complaint and any exhibit attached . . . the exhibit prevails." *Benfield Elec. Co. v. Keybank*, No. 1:09-cv-2071, 2009 U.S. Dist. LEXIS 120009, at *11 (D. Md. Dec. 23, 2009) (quoting *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

her leave expired in December 2021. That she did not receive *any* further payment from NSR for months on end should have put Kolbe on notice that she was no longer employed by NSR, especially because NSR provided no indication that it would hold open her position beyond the statutory twelve-week period. In fact, it appears Kolbe did not communicate with NSR *at all* between November 2, 2021 (one month before the expiration of her FMLA leave) and June 1, 2022 (more than six months after her leave expired). *See* ECF No. 19-4 at 25.[4]

Rather than curing the deficiencies identified by the Court in its prior Opinion, Kolbe's Amended Complaint unfortunately undermines her allegations that NSR misled her into taking more leave than she was entitled to under the FMLA. *Cf. Yaskowsky*, 2020 U.S. Dist. LEXIS 27929, at *27. Kolbe's failure—now for the second time—to allege that NSR made a distinct misrepresentation about her FMLA rights is fatal to her claim. *See Iqbal*, 556 U.S. at 678.

Accordingly, the Court will **GRANT** NSR's Motion to Dismiss and **DISMISS WITH PREJUDICE** Kolbe's remaining claim for FMLA interference.[5]

## CONCLUSION

The Court will **ORDER** that:

1. NSR's Motion to Strike (ECF No. 25) is **DENIED**;

2. NSR's Motion to Dismiss (ECF No. 20) is **GRANTED**;

---

[4] This gap in communication also contradicts Kolbe's allegation that "for several months" after expiration of Kolbe's FMLA leave, NSR "continued to accept updates regarding Ms. Kolbe's recovery, while refusing to provide reliable information regarding her employment status and return to service." ECF No. 19 ¶ 20.

[5] NSR also seeks dismissal on the grounds that Kolbe has failed to allege that she reasonably relied upon any alleged misrepresentations to her detriment. *See* ECF No. 20 at 9-11. Kolbe responds that because NSR "never affirmatively told [her] that her employment was terminated at 12 weeks and continued to engage in communications [with her] for 10 more months, [she] reasonably understood that her employment continued indefinitely." ECF No. 22 at 5-6. Although a court must construe the facts favorably to a plaintiff upon consideration of a motion to dismiss, a court is not required to utterly suspend all disbelief. *See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Even if the Court were to find that NSR's alleged acts constituted misrepresentations of her FMLA rights, *see* ECF No. 19 ¶¶ 20, 23, the Court would be constrained to find that Kolbe's reliance on these acts—*for ten months after her FMLA leave expired*—was unreasonable as a matter of law. *Cf. Sakelaris v. Rice/Maddox P'ship*, 883 F. Supp. 64, 66 (D.S.C. 1995) (holding that plaintiffs could not establish the reasonable reliance element for a promissory estoppel claim because reliance on a promise consisting solely of at-will employment is unreasonable as a matter of law).

3. Kolbe's Amended Complaint (ECF No. 19) is **DISMISSED WITH PREJUDICE**; and

4. The Clerk of Court is directed to **CLOSE** this case.

February ___, 2024

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE